IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SEAN K. FOLKS, | ) |
| | ) |
| Plaintiff, pro se, | ) |
| | ) |
| vs. | ) 1:05CV389 |
| | ) |
| UNITED STATES | ) |
| DRUG ENFORCEMENT AGENCY, | ) |
| CHARLES DAVIDSON, and | ) |
| KYLE YORK, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before this court on Defendants' motion to dismiss or, in the alternative, for summary judgment (docket no. 16). The parties have consented to the jurisdiction of a magistrate judge and the matter has been referred to me. Plaintiff did not respond to Defendants' motion and the time to do so has passed. The motion is therefore ripe for disposition. For the following reasons, Defendants' motion for summary judgment will be granted.

**PROCEDURAL POSTURE**

Plaintiff filed a pro se complaint on April 29, 2005, alleging lack of sufficient notice by the United States Drug Enforcement Administration ("DEA") in a civil administrative forfeiture proceeding in which certain property belonging to Plaintiff was confiscated. Plaintiff purports to bring "Bivens," Fourth Amendment, and Fifth

-1-

Amendment due process claims in his pro se complaint, and he has named the DEA and DEA Task Force Officers Charles Davidson and Kyle York as Defendants. Defendants filed a timely motion to dismiss or, in the alternative, for summary judgment on July 18, 2006. As noted, Plaintiff has not responded to the motion.

**FACTUAL BACKGROUND**

On June 23, 2003, Durham police officers detained and questioned Plaintiff in connection with suspected cocaine possession, they seized $637.00 in U.S. currency from Plaintiff, and he signed a statement granting consent to search his residence. The police then searched Plaintiff's residence and discovered approximately 34 grams of cocaine, $4,860.00 in U.S. currency, as well as jewelry. On July 8, 2003, Durham police officer Brian Black notified DEA Task Force Officer Kyle York of Plaintiff's arrest and the seizure of narcotics and currency. On July 11, 2003, the DEA office in Raleigh adopted seizure of the currency and prepared and submitted a forfeiture report to DEA's Acting Forfeiture Counsel. After reviewing the case, the DEA accepted the case for administrative forfeiture pursuant to 21 U.S.C. § 881(a), which generally authorizes forfeiture of the proceeds of illegal narcotics and funds intended to be furnished in exchange for illegal narcotics.

On August 19, 2003, the DEA sent written notice as to the forfeiture proceedings to Plaintiff via certified mail, return receipt requested, at Plaintiff's only address on record, but the notice was returned as "unclaimed." The DEA then

published notice, pursuant to 19 U.S.C. § 1607(a) and 21 C.F.R. § 1316.75,[1] in the *Wall Street Journal* for three consecutive weeks in September 2003. On November 10, 2003, after the time limit for filing a claim had expired, and in the absence of a properly executed claim, the DEA forfeited the amount of $5,497.00 to the United States under authority of 19 U.S.C. § 1609.

Plaintiff subsequently pled guilty to federal criminal charges of possession of cocaine with the intent to distribute. He was sentenced to imprisonment for a term of 36 months, to run consecutively with the sentence imposed in 1:03CR349-1 for violating his supervised release conditions in an earlier case in which he had pled guilty to possession with intent to distribute crack cocaine. In this pro se complaint, Plaintiff alleges that he did not receive notice concerning the administrative forfeiture of his property, that he was denied due process, and that his constitutional rights were violated.

---

[1] Pursuant to 19 U.S.C. § 1607(a), if the civil forfeiture of seized property or United States currency does not exceed $500,000, the Government must publish notice of the seizure and intention to forfeit the property or money seized "for at least three successive weeks" in a "newspaper of general circulation in the judicial district" in which the proceeding is brought, and send written notice to "each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75(a). Moreover, the notice given to the person whose property or currency is to be seized shall: (1) Describe the property seized and show the motor and serial numbers, if any; (2) state the time, cause, and place of seizure; and (3) state that any person desiring to claim the property may, within 20 days from the date of first publication of the notice, file with the custodian or DEA Asset Forfeiture Section a claim to the property and a bond with satisfactory sureties in the sum of $5,000 or ten percent of the value of the claimed property whichever is lower, but not less than $250. 21 C.F.R. § 1316.75(b).

**DISCUSSION**

In their moving papers Defendants have presented materials outside the pleadings. A motion to dismiss should be construed as one for summary judgment if matters outside the pleadings "are presented to and not excluded by the court." FED. R. CIV. P. 12(b). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The court notes that Plaintiff failed to file a response to Defendants' motion. Under Local Rule 7.3(k), a motion that is uncontested may be granted without further notice. Nevertheless, and because the court is entering a ruling on summary judgment, the court will consider the merits of the motion.[2]

Plaintiff alleges in the complaint that the DEA failed to provide adequate

---

[2] On July 20, 2006, the clerk of court mailed the standard *Roseboro* letter to Plaintiff, notifying him that he had the right to respond to Defendants' motion within twenty days of being served with the motion. Plaintiff did not file a response. An uncontested motion for summary judgment is not automatically granted. *Campbell v. Hewitt, Coleman & Assocs., Inc.*, 21 F.3d 52, 55 (4th Cir. 1994). Rather, the moving party's facts are deemed uncontroverted, and the court determines whether the moving party is entitled to a judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (the moving party still must show that the facts entitle him to a judgment as a matter of law).

notice or the chance to be heard before the administrative forfeiture of his property. The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") is the exclusive remedy for challenges to an administrative forfeiture.[3] 18 U.S.C. § 983(e)(5). The statute provides the following procedure for challenging closed civil forfeiture proceedings on the grounds of defective notice:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e) (2000). In their uncontested motion for summary judgment, Defendants have produced evidence showing that the DEA took "reasonable steps to provide [Plaintiff] with notice," as required by the statute. 18 U.S.C. § 983(e)(1)(A). The DEA sent notice to Plaintiff at the only address the DEA had on file, and the notice was returned as "unclaimed." When the notice was returned from Plaintiff's residence as "unclaimed," the DEA gave notice by publication in the

---

[3] Thus, to the extent that the pro se complaint vaguely refers to a *Bivens* damages claim or to Fourth and Fifth Amendment due process claims, the court need not address these claims. *See, e.g., Bailey v. Patterson*, No. 8:04-22252-MBS, 2006 WL 2642543, at *2 (D.S.C. Sept. 13, 2006) ("Plaintiff's exclusive remedy for challenging a closed administrative forfeiture [does] not lie in a *Bivens* action for damages, but a motion filed under 18 U.S.C. § 983(e)(5).").

-5-

*Wall Street Journal*, a national news publication, over the course of three weeks. *Jones v. Flowers*, 126 S. Ct. 1708, 1718 (2006) (stating that when a certified letter is returned as unclaimed, the government must take reasonable steps to notify, if it is reasonable to do so). The DEA also contacted Plaintiff's attorney, who was unaware of Plaintiff's whereabouts. Plaintiff complains that he was not given actual notice of the forfeiture proceedings, but the United States Supreme Court has stated that due process under the Constitution requires only that a notice of forfeiture be "reasonably calculated" to apprise the party of a pending action and it does not require actual notice. *See Dusenbery v. United States*, 534 U.S. 161, 170-71 (2002). On their uncontested motion for summary judgment, Defendants have shown that Plaintiff was given sufficient notice of the civil forfeiture action; therefore, Plaintiff is not entitled to have the forfeiture action set aside.

## Conclusion

For the reasons stated herein, Defendants' motion for summary judgment (docket no. 16) is **GRANTED**. A separate judgment conforming to this order will be entered simultaneously herewith.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, NC
October 25, 2006